# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION


| | |
|---|---|
| CHRIS J. LEONARD<br>   #98621 | CIVIL ACTION NO. 11-833-LC |
| | SECTION "P" |
| VERSUS | |
| | JUDGE MINALDI |
| LOUISIANA DEPARTMENT<br>OF CORRECTIONS,  ET AL | MAGISTRATE JUDGE KAY |


## REPORT AND RECOMMENDATION


Before the court is a civil rights (42 U.S.C.§1983) complaint filed *in forma pauperis* by *pro se* plaintiff Chris J. Leonard on June 6, 2011.  Doc. 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana.

Plaintiff alleges his civil rights were violated while incarcerated at CPP, and he names the following as defendants herein: James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections, and Robert Henderson, Warden of C. Paul Phelps Correctional Center. As relief, plaintiff seeks an injunction prohibiting the LDOC and/or CPP from forfeiting certified training rehabilitation programs (CTRP) credits without a proper hearing, an opportunity to call witnesses, and a written fining from a fact finder of the evidence relied upon for the forfeiture. Petitioner further seeks the issuance of a permanent injunction prohibiting the LDOC and/or CPP from denying any offender the full applicable CTRP credits that any  program provides, which is premised upon the Louisiana Legislature's enactment of Act: 2009-266, La. R.S. 15: 571.3 (B) and/or R.S. 15: 828 (B).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

## STATEMENT OF THE CASE

The core of plaintiff's complaint is that he is being denied the full amount of credits received from educational programs enrolled in while incarcerated. Doc. 1, p. 6. More specifically, plaintiff states that he was convicted and sentenced under La. Rev. Stat. § 15:571.3, which allows for diminution of sentence under a rate of 46.15% annually. Doc. 1, p. 7. Plaintiff states that this is otherwise known as "good time." *Id.* In addition to the diminution for these good time credits, he contends that he is entitled to a separate reduction for participation in certified training rehabilitation programs (CTRP) as per La. Rev. Stat. § 15:828.1 and La. Rev. Stat. § 15:828 (B). Doc. 1, p. 8. He argues that he is entitled to the full allotment of the CTRP credits but that these credits are being forfeited by over 50% in violation of his due process rights.

Plaintiff filed grievances in regard to the LDOC's alleged failure to award the full applicable CTRP credits. Doc. 1, p. 3. His ARP's were denied at step one and step two. *Id.* Plaintiff attached copies of the responses to his complaint. Doc. 1, p. 21-22. The step one response, dated February 22, 2011, stated,

> you serve only .4615% of your time, therefore, you earn CTRP credits at the rate of .4615%. You have received 30 days credit for Becoming a Responsible Adult. 46% of 30 is 13.8 which is rounded up to 14. According to the computer, you are on the waiting list for anger management and substance abuse. Why don't you contact Mrs. Bruce and try to get into those classes and get CTRP credit for those? Relief requested denied as calculation of your CTRP credit is correct.
> .

Doc. 1, p. 21

The second step response stated that plaintiff's CTRP credit was calculated correctly, and that the method of calculating CTRP credit was challenged in court in "the Estrade v. Stalder case" (no citation given) which did not mandate that a day-for-day credit be applied. Doc. 1, p. 22. The response also noted that the forfeiture of good time and CTRP credits are both applied in the same manner when the diminution of sentence date is adjusted. *Id*.

### *Law and Analysis*

#### 1. *Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. § 1983 the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993)*; Denton v. Hernandez*, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints

liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a sufficiently detailed recitation of the facts supporting his claims. Plaintiff has stated his best case and need not be afforded an opportunity for further amendment.

### 2. *Statutory Law*

Louisiana Revised Statute 15:828(B) provides the following:

> The secretary shall adopt rules and regulations in the facilities and institutions under the jurisdiction of the department to encourage voluntary participation by inmates in certified treatment and rehabilitation programs, including but not limited to basic education, job skills training, values development and faith-based initiatives, therapeutic programs, and treatment programs. When funds are provided, such educational programs shall be available at each penal or correctional institution under the jurisdiction of the department. The rules and regulations may include provisions for furloughs or good time, in addition to the provisions of R.S. 15:571.3(B), for offenders who are otherwise eligible, but no offender shall receive more than ten additional days per month and one hundred eighty days total good time for program participation. No offender shall receive more than five hundred forty days total good time for program participation.

Louisiana Revised Statute § 15:571.3(B) provides the following in pertinent part:

> Every inmate in the custody of the department ... and sentenced to imprisonment for a stated number of years or months, ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as "good time". Those inmates

serving life sentences will be credited with good time earned which will be applied toward diminution of their sentences at such time as the life sentences might be commuted to a specific number of years. The secretary shall establish regulations for awarding and recording of good time and shall determine when good time has been earned toward diminution of sentence. The amount of diminution of sentence allowed under the provisions of this Section shall be at the rate of thirty days for every thirty days in actual custody except for an inmate convicted a first time of a crime of violence as defined in R.S. 14:2(13), who shall earn diminution of sentence at a rate of three days for every seventeen days in actual custody, including time spent in custody with good behavior prior to sentence for which defendant is given credit.

The Department's internal regulation No. B-04-003 addresses the educational good time

credits.  The regulation provides, in pertinent part, as follows:

> POLICY: Educational good time credit will be awarded in accordance with procedures outlined in this regulation. No inmate shall receive more than 10 additional days per month or 180 days total educational good time credits for program participation during their sentence. It is the Secretary's policy that no inmate will be granted a furlough pursuant to La. R.S. 15:828(B).
> PROCEDURES:
> B. Credits will be awarded as follows:
> 1) Full-time assignment to an educational or certified program-10 days per calendar month.
> 2) Part-time assignment to an educational or certified program-1 to 5 days per calendar month....
> C. The inmate will receive full good time credit for the month in which participation begins. No credit will be given for the month in which the program is completed or discontinued.
> CREDITING GOOD TIME:
> A. Under no circumstances will an inmate be credited with an amount of educational good time credit under the provisions of this regulation that will cause him to be overdue for release at the time of approval.
> B. A total of 180 days educational good time credit may be earned by an inmate during his sentence. Some examples are noted as follows:
> • If an inmate sentenced for simple burglary earns 180 days educational good time and releases on parole or GT/PS and is subsequently revoked on technical grounds and re-incarcerated to serve the remainder of his original sentence, he cannot earn any more educational good time on the burglary sentence.
> • If the same inmate earns 180 days educational good time, releases on parole or GT/PS and is revoked for a new felony and is sentenced on the new felony to a consecutive sentence, the inmate will be serving the

remainder of his original sentence and can earn no more educational good time on that sentence. When he begins serving the new consecutive sentence, he may again earn up to a maximum of 180 days educational good time on the new sentence.

• If an inmate is serving a sentence for burglary and earns 180 days good time and while serving the sentence is convicted of battery of a correctional officer, he may earn additional educational good time on the new sentence, if consecutive, only after the inmate has full termed off of the original burglary sentence. If the new sentence is ordered served concurrent, the inmate has already received the maximum number of educational good time days on his sentences.

• If an inmate is serving multiple concurrent sentences, a maximum of 180 days educational good time may be earned on his total sentence.

• If an inmate earns educational good time, gets out on GT/PS and full terms off his sentence and is later returned on a new felony conviction, he may earn up to a maximum of 180 days educational good time on the new sentence.

Plaintiff contends that he is due the full CTRP credits earned in addition to the regular good time earned pursuant to La. Rev. Stat. § 15:571.3(B). Based on this court's review of the documentation provided by plaintiff as well as the applicable law, plaintiff's claims herein are without merit.

A day-for-day credit is not mandated by La. Rev. Stat. § 15:828(B). Moreover, there is nothing in the record to suggest that the method of calculation utilized by the LDOC has not been uniformly applied to all inmates who are eligible for educational credits. Based on the facts and circumstances of this case, it appears petitioner has been awarded all of the educational good time credits to which he is entitled.

Further, it is apparent from the language of La. Rev. Stat. § 15:828 that the LDOC is entitled to determine the method by which educational good time is credited to an inmate for voluntary participation in the rehabilitative programs described, and the plaintiff points to no authority that would contradict this opinion. The LDOC is entitled to calculate the number of days credited for educational program participation using the "comparison method", which is,

according to plaintiff, is what was done in this particular case.

Accordingly, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14)days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 13th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE